## NATIONAL LABOR RELATIONS BOARD v. ARROWHEAD RUBBER CO. OF TEXAS.

### No. 11150.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1945.

Rehearing Denied Feb. 26, 1945.

Petition for Enforcement of an Order of the National Labor Relations Board.

Petition by the National Labor Relations Board against the Arrowhead Rubber Company of Texas for enforcement of an order of the Board that the Arrowhead Rubber Company of Texas cease and desist from dominating or interfering with or contributing support to an independent union of its employees, from recognizing it as the bargaining representative, from giving effect to a contract made with it for employees, and from otherwise interfering with the self-organization of employees, and for appropriate affirmative action.

750

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, and Malcolm F. Halliday, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., and Elmer P. Davis, Regional Atty., National Labor Relations Board, of Fort Worth, Tex., for petitioner.

Ely Straus, of Dallas, Tex., for respondent.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The National Labor Relations Board asks enforcement of an order that Arrowhead Rubber Company of Texas cease and desist from dominating or interfering with or contributing support to Rubber Workers Industrial Organization, an independent union of its employees, and from recognizing it as the bargaining representative, and from giving effect to a contract made with it for the employees, and from otherwise interfering with the self-organization of the employees; with appropriate affirmative action. The respondent Rubber Company contends the order is not supported by evidence.

■ A detailed discussion would not be profitable. The Company for some time resisted efforts of an affiliate of the Congress of Industrial Organizations to unionize the employees, was twice complained against before the Board for unfair labor practices, and twice posted notices that it would cease from them. This union finally claimed to represent a majority of the employees and asked recognition as bargaining representative, but the Company not having recognized it, it filed a proceeding before the Board for certification. On the night before the hearing, the Company's assistant general manager in charge of labor relations announced a meeting of employees to discuss a wage raise, to be held in a hotel in Dallas, some miles from the plant. He arranged for the Company's attorney in matters of labor relations, who lived in another city, to come to Dallas, and these two, with the Company's general manager, and plant superintendent, were present. The attorney addressed the employees, spoke of the advisability of having a union in the effort to get a salary raise authorized by the War Labor Board, mentioned the A. F. of L. and C. I. O.

as good unions, but said if they wished to form an independent union they had best have legal assistance. The assistant general manager, according to evidence credited by the Board, had in fact earlier in the day informed an employee interested in an independent union that such was to be organized, and this employee consulted an attorney and came to the meeting with a union petition ready to be signed. The Company officials withdrew and left the employees in possession of the hotel room which was provided by the Company, and of a supply of sandwiches which also were paid for by the Company, and many employees signed the petition and elected temporary officers; and the next day other signatures, amounting to a majority, were obtained. Five days later the new union presented a contract, providing for its exclusive recognition and a check-off of dues, which the Company signed without change, and without asking for this union's certification, or waiting for the Board's decision on the application for certification of the C. I. O. union. On this outline of facts we think the Board's conclusion is warranted that the independent union was sponsored and dominated in its formation by the employer, and the employees interfered with unlawfully under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., justifying disestablishment of the union as bargaining representative and the annulment of its contract.

Whether the Board was justified in reviving the old complaints which had been settled is not important. We place our judgment on the facts attending the formation of the independent union, and the making of its contract.

■ We presume the Board will take measures to see that the employees have full opportunity to make a free choice of their representative, without any interference by their employer. If a majority now really desire to form an independent union, that of course is their right. If they desire an affiliate of the C. I. O., that is equally their right. The point is that they are entitled to choose for themselves without interference from the Company and without its financial or other support of either.

A decree will be entered enforcing the order of the Board.